Goud P. Maragani #17854
Maragani Law Group
4523 West Park Bend Court
Riverton, UT 84096
(385) 237-7960
goud.p.maragani@proton.me

Kaylan L. Phillips*
Public Interest Legal Foundation, Inc.
107 S. West Street, Suite 700
Alexandria, VA 22314
Tel: (703) 745-5870
kphillips@PublicInterestLegal.org
*Motion for admission pro hac vice forthcoming*

*Attorneys for Plaintiff Phil Lyman*

## United States District Court
## District of Utah

| | |
|---|---|
| **PHIL LYMAN,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **DEIDRE M. HENDERSON,** in her official capacity as the Lieutenant Governor of Utah, <br><br> **Defendant.** | <br><br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br><br><br> **Case No**. <br><br> **Judge**: |

Plaintiff Phil Lyman, by his attorneys, brings this action for violations of Section 8(i)(1) of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), because the action seeks injunctive and declaratory relief under the NVRA. This Court may also grant declaratory relief under 28 U.S.C. § 2201.

2.      Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3.      Mr. Lyman is a registered voter in the state of Utah. Mr. Lyman seeks voter list maintenance documents to assess if Utah's voter roll is current and accurate in accordance with federal and state law. Where necessary, Mr. Lyman intends to use his findings to pursue legal action to enforce the NVRA and/or state voter list maintenance requirements. Mr. Lyman intends to use his findings to propose and promote best practices and solutions for specific and general voter list maintenance problems faced by election officials.

4.      Defendant Deidre M. Henderson is the Lieutenant Governor for the State of Utah. Lieutenant Governor Henderson is Utah's chief election official, Utah Code Ann. § 20A-1-105(1)(a) (LexisNexis 2025) and is "responsible for coordination of State responsibilities under" the NVRA, 52 U.S.C. § 20509. *See also* Utah Code Ann. § 20A-1-105(1)-(2) (LexisNexis 2025).

5.      Lieutenant Governor Henderson is sued in her official capacity only.

2

# BACKGROUND

***Utah Law Classifies Voter Registrations in Three Categories***

6.      Utah has voter registration and performs voter list maintenance activities pursuant to state and federal law. *See* Utah Code Ann. § 20A-1-105(1)-(2) (LexisNexis 2025).

7.      Under Utah law, the Lieutenant Governor shall: "develop, manage, and maintain a statewide voter registration system to be used by county clerks to maintain an updated statewide voter registration database…" and "regularly update the system with information relevant to voter registration . . . ." Utah Code Ann. § 20A-2-502 (LexisNexis 2025). *See also* "Voter List Maintenance Requirements," https://vote.utah.gov/voter-list-maintenance-requirements/.

8.      Utah Code Ann. § 20A-2-104 (LexisNexis 2025) governs access to Utah's registered voter list, the Statewide Voter Registration List.

9.      According to Defendant's website, "Many voter registration records in Utah are classified as public, but there are access restrictions on two other classifications of voter registrations: (1) private voter registrations, and (2) withheld voter registrations."  Off. of the Lt. Gov., *Obtain Voter Registration or Election Data*,  https://vote.utah.gov/obtain-voter-registration-or-election-data/ (last accessed June 6, 2025).

10.     "Private voter registrations" are those where the registrant requested that his information be classified as "private." Under Utah law,

> (h)     The lieutenant governor or a county clerk shall classify the voter
> registration record of a voter as a private record if the voter:
>> (i)      submits a written application, created by the lieutenant governor,
>> requesting that the voter's voter registration record be classified as
>> private;
>> (ii)     requests on the voter's voter registration form that the voter's voter
>> registration record be classified as a private record; or
>> (iii)    submits a withholding request form described in Subsection (7)
>> and any required verification.

Utah Code Ann. § 20A-2-104(4)(h) (LexisNexis 2025).

11.    Any registrant may request that his registration be classified as "private." *See* Utah Code Ann. § 20A-2-104(4)(h) (LexisNexis 2025).

12.    Utah law states that private voter registrations may not be disclosed except to two categories of individuals: (1) "a government official or government employee acting in the government official's or government employee's capacity as a government official or government employee;" and (2) "a person described in Subsection (4)(a)(v) or (vi) for a political purpose." Utah Code Ann. § 20A-2-104(4)(d)(ii) (LexisNexis 2025). As to the second category, Subsection (4)(a)(v) or (vi) refer to: (a) "a political party, or an agent, employee, or independent contractor of a political party," Utah Code Ann. § 20A-2-104(4)(a)(v) (LexisNexis 2025), and (b) "a candidate for public office, or an employee, independent contractor, or volunteer of a candidate for public office," Utah Code Ann. § 20A-2-104(4)(a)(vi) (LexisNexis 2025).

13.    "Withheld voter registrations" are those of a "protected individual" under Utah law. Utah Code Ann. § 20A-2-104(1)(e) (LexisNexis 2025). A "protected individual" is a registrant:

> (i)    who submits a withholding request form with the individual's voter registration record, or to the lieutenant governor or a county clerk, if the individual indicates on the form that the individual, or an individual who resides with the individual, is a victim of domestic violence or dating violence or is likely to be a victim of domestic violence or dating violence;

> (ii)    who submits a withholding request form with the individual's voter registration record, or to the lieutenant governor or a county clerk, if the individual indicates on the form and provides verification that the individual, or an individual who resides with the individual, is a law enforcement officer, a member of the armed forces as defined in Section 20A-1-513, a public figure, or protected by a protective order or protection order; or

> (iii)    whose voter registration record was classified as a private record at the request of the individual before May 12, 2020.

Utah Code Ann. § 20A-2-104(1)(e)(i)-(iii) (LexisNexis 2025). "Withheld voter registrations" are not provided to the public nor are they provided to political parties or candidates. *See* Utah Code Ann. § 20A-2-104(2)(a) (LexisNexis 2025) (section titled "Privacy Information").

14.     Importantly, every "voter registration record [that] was classified as a private record at the request of the individual before May 12, 2020" is currently treated as a "withheld voter registration." Utah Code Ann. § 20A-2-104(1)(e)(iii) (LexisNexis 2025). Because of this, there are voters who are classified as "Withheld," who are not victims of domestic violence or dating violence, law enforcement officers or in one of the other categories listed in § 20A-2-104(1)(e)(i) and (ii).

***Utah Law Restricts All Date of Birth Information to the Public***

15.     Utah law prohibits the disclosure of a voter registrant's date of birth to the public but allows a "qualified person" to obtain a registrant's year of birth. Utah Code Ann. § 20A-2-104(4)(b) (LexisNexis 2025). State law defines "qualified person," as including political parties and candidates, among others. Utah Code Ann. § 20A-2-104(4)(a) (LexisNexis 2025).

***The NVRA's Public Disclosure Provision***

16.     The NVRA provides, in relevant part, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]" 52 U.S.C. § 20507(i)(1) (hereinafter "Public Disclosure Provision").

17.     The Public Disclosure Provision "embodies Congress's conviction that Americans who are eligible under law to vote have every right to exercise their franchise, a right that must

not be sacrificed to administrative chicanery, oversights, or inefficiencies." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334-35 (4th Cir. 2012).

18.    The NVRA's Public Disclosure Provision "plays an important role in ensuring that States are performing their mandated duties as federal law directs, as it provides the public with a means to obtain records by which accuracy and compliance with those duties can be assessed." *Voter Reference Found., LLC v. Torrez*, 727 F. Supp. 3d 1014, 1223 (D.N.M. 2024).

19.    The Public Disclosure Provision is designed to "ensure that election officials are fulfilling their list maintenance duties" and is "available to *any* member of the public." *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *12 (S.D. Fla. Mar. 30, 2018) (unpublished) (emphasis added). The Public Disclosure Provision "convey[s] Congress's intention that the public should be monitoring the state of the voter rolls and the adequacy of election officials' list maintenance programs. Accordingly, election officials must provide full public access to all records related to their list maintenance activities, including their voter rolls." *Id*. at *12-13 (citing 52 U.S.C. § 20507(i)).

20.    Many courts have held that a state's voter roll, or a portion thereof, is subject to disclosure under the NVRA, including, just last year, the First Circuit Court of Appeals. *See Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 47 (1st Cir. 2024) (explaining that the "Voter File plainly relates to the carrying out of Maine's voter list registration and maintenance activities and is thereby subject to disclosure under Section 8(i)(1)."). *See also Pub. Int. Legal Found., Inc. v. Matthews*, 589 F. Supp. 3d 932, 941 (C.D. Ill. 2022) (concluding that, "the phrase 'all records,' as used in the Public Disclosure Provision, necessarily includes the statewide voter registration list."); *Pub. Int. Legal Found., Inc. v. Knapp*, 749 F. Supp. 3d 563, 572 (D.S.C. 2024) ("[T]he Court declares that the South Carolina Statewide Voter Registration List is a record subject to

inspection pursuant to the NVRA, and that the NVRA preempts any South Carolina law limiting access to the Statewide Voter Registration List to South Carolina registered voters.").

***Defendant is Denying Mr. Lyman Access to Public List Maintenance Documents***

21.    On September 22, 2024, pursuant to the NVRA, Mr. Lyman requested from the Lieutenant Governor's office certain voter list maintenance records, namely: "a copy of the statewide voter registration database, including data for voters classified as 'Private' and 'Withheld.'" Exhibit A at 1. The records Mr. Lyman is seeking will hereinafter be referred to as the "Statewide Voter Registration List."

22.    The letter acknowledged that Mr. Lyman would "consent to the redaction of certain [personally identifying information] like social security numbers, driver's license numbers, etc." Exhibit A at 2.

23.    The letter further explained that the NVRA, as a federal enactment, supersedes and preempts Utah law. Therefore, a denial of Mr. Lyman's request would violate the NVRA. Exhibit A at 1.

24.    The Lieutenant Governor's office did not respond to Mr. Lyman's September 22, 2024, letter.

25.    Although not required under the NVRA, Mr. Lyman sought to exhaust all administrative remedies available under state law in hopes of obtaining the requested records without the need for litigation. In October of 2024, Mr. Lyman wrote to the Chief Administrative Officer (CAO) of the Lieutenant Governor's office, again seeking access to records pursuant to the NVRA. Exhibit B.

26.    On November 4, 2024, Mr. Brody Bailey from the Lieutenant Governor's office responded, directing Mr. Lyman to the office's website for access to the public version of the

statewide voter roll. Regarding Mr. Lyman's request for the complete voter roll, Mr. Bailey stated that "[t]he Lieutenant Governor's Office does not have discretion to ignore state statute and provide unrestricted access to the state's voter rolls as you have requested." Exhibit B. Mr. Lyman was not provided with, or permitted to inspect, the Statewide Voter Registration List.

27.     On March 7, 2025, the Public Interest Legal Foundation, on behalf of Mr. Lyman, sent a letter to the Lieutenant Governor (the "Notice Letter," Exhibit C). Several employees in the Lieutenant Governor's office, including Mr. Bailey, were copied on the correspondence. *See* Exhibit C at 6.

28.     The Notice Letter notified the Lieutenant Governor that she is in violation of the NVRA for failure to permit inspection of voter list maintenance records as required by 52 U.S.C. § 20507(i). Exhibit C at 1.

29.     The Notice Letter further notified the Lieutenant Governor that if the violation of the NVRA was not cured within 90 days, a lawsuit may be filed against her, as permitted by the NVRA, 52 U.S.C. § 20510(b). Exhibit C at 1.

30.     Mr. Lyman received no response from the Lieutenant Governor or any other person at Lieutenant Governor's office following service of the Notice Letter.

31.     As of the date of filing, the Lieutenant Governor has not provided the Statewide Voter Registration List to Mr. Lyman.

32.     Defendant's refusal to provide the Statewide Voter Registration List to Mr. Lyman violates the NVRA.

*Notice and Opportunity to Cure*

33.    Mr. Lyman provided Defendant—the chief election official of Utah—with written notice of the NVRA violations alleged herein, thereby satisfying the NVRA's pre-litigation notice requirement, 52 U.S.C. § 20510(b)(1). *See* Exhibit C.

34.    Defendant did not cure the violations of the NVRA within the 90 days permitted by the NVRA. *See* 52 U.S.C. § 20510(b)(2).

35.    Defendant has, to date, still not cured her NVRA violations.

36.    Mr. Lyman will continue to be injured by the Defendant's violations of the NVRA unless and until the Defendant is enjoined from continuing to violate the law.

37.    Mr. Lyman is a person aggrieved by a violation of the NVRA, as set forth in 52 U.S.C. § 20510(b)(1).

## COUNT I
### Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)
### Denial of Access to Private Voter Registrations and Private Voter Registrations Incorrectly Categorized as Withheld

38.    Mr. Lyman realleges the preceding paragraphs as if fully stated herein.

39.    The requested records are in the possession, custody, and control of the Defendant.

40.    The Statewide Voter Registration List is a record covered by the Public Disclosure Provision of the NVRA, 52 U.S.C. § 20507(i). *See Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th at 47; *Pub. Int. Legal Found., Inc. v. Matthews*, 589 F. Supp. 3d at 941; *Pub. Int. Legal Found., Inc. v. Knapp*, 749 F. Supp. 3d at572 ; *Voter Reference Found., LLC v. Torrez*, 727 F. Supp. 3d at 1223; *Judicial Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425, 438-42, 446 (D. Md. 2019); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 723 (S.D. Miss. 2014) ("The Court likewise concludes that the Voter Roll is a 'record' and is the 'official list[] of eligible voters'

under the NVRA Public Disclosure Provision."); *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *13 (S.D. Fla. Mar. 30, 2018) ("[E]lection officials must provide full public access to all records related to their list maintenance activities, including their voter rolls.") (unpublished); *see also Ill. Conservative Union v. Illinois*, No. 20 C 5542, 2021 U.S. Dist. LEXIS 102543, at *15 (N.D. Ill. June 1, 2021) (holding, at the pleading stage, the statewide voter roll "falls within Section 8(i)'s disclosure provision.") (unpublished).

41.    The Public Disclosure Provision authorizes and entitles Mr. Lyman to inspect and copy, or otherwise purchase and receive the Statewide Voter Registration List. *See supra* ¶¶ 15-19.

42.    Utah law restricts access to certain voter list maintenance records, namely private voter registrations, to specific individuals and entities. *See supra* ¶¶ 7-10.

43.    "Withheld voter registrations" are not provided to the public nor are they provided to political parties or candidates. *See* Utah Code Ann. § 20A-2-104(2) (LexisNexis 2025).

44.    Every "voter registration record [that] was classified as a private record at the request of the individual before May 12, 2020" is currently treated as a "withheld voter registration." Utah Code Ann. § 20A-2-104(1)(e)(iii) (LexisNexis 2025). Because of this, there are voters who are classified as "Withheld," who are not victims of domestic violence or dating violence, law enforcement officers or in one of the other categories listed in § 20A-2-104(1)(e)(i) and (ii). Such records are impermissibly categorized as "withheld."

45.    In 2021, in response to a request for the voter registration rolls in Salt Lake County, the Salt Lake County Clerk withheld almost 34% of the voter rolls because the records were classified as "Private" or "Withheld" under Utah's Election Code. *See* Exhibit D at 12; *see also* Exhibit E.

46.     According to the Salt Lake County Clerk's Office, the total number of active voters on November 3, 2020, was 610,221. The privacy status of those active voters broke down as follows:

     a.  Private: 95,663 (15.7%)

     b.  Withheld: 110,330 (18.1%)

     c.  Not Private/Not Withheld: 404,219 (66.2%).

Exhibit E.

47.     Defendant's refusal to allow Mr. Lyman to inspect and copy, or otherwise purchase and receive the Statewide Voter Registration List, including those records classified as "private" and those improperly classified as "withheld" violates and conflicts with the NVRA, a federal law.

48.     Defendant's violations of the NVRA are causing Mr. Lyman to suffer a concrete informational injury because he does not have records and information to which he is entitled under federal law. *See FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.").

49.     By denying Mr. Lyman the ability to obtain the requested voter list maintenance records, Defendant is also impairing Mr. Lyman's ability to, *inter alia*, (1) study and analyze Utah's voter list maintenance programs and activities; (2) assess Utah's enforcement of state and federal voter eligibility requirements; (3) assess Utah's compliance with voter list maintenance obligations; (4) assess whether Utah is employing voter list maintenance best practices; and (5) promote compliance with current obligations and best practices.

50.    Without access to the Statewide Voter Registration List, Mr. Lyman cannot determine whether election officials are protecting his fundamental right to vote, a right the NVRA explicitly recognizes. 52 U.S.C. § 20501(a)(1).

51.    For example, without access to the a more complete copy of the voter roll, Mr. Lyman is unable to verify whether Utah is complying with state and federal voter eligibility requirements in light of various news accounts. *See, e.g.,* Deseret News, "Utah auditor finds 1,400 deceased voters on rolls and problems with post-election safeguards," (Dec. 9, 2024), *available at* https://www.deseret.com/politics/2024/12/09/utah-legislative-audit-on-elections/. "

52.    Defendant's violations of the NVRA are thus frustrating, impeding, and harming the efforts of Mr. Lyman, a registered voter in Utah concerned about his voting rights and the integrity of elections in his state, to monitor the state of the voter roll in Utah and promote compliance with existing list maintenance obligations and/or promotion of the implementation of best practices in Utah.

53.    Mr. Lyman intends to request similar records from the Defendant in the future.

54.    Utah law and Defendant's NVRA violations are thus frustrating, impeding, and harming the efforts of Mr. Lyman to carry out his planned activities and protect his right to vote.

55.    Any Utah statute, regulation, practice, or policy that conflicts with, overrides, or burdens the NVRA, a federal statute, is preempted and superseded under the Supremacy Clause and the Elections Clause of the Constitution of the United States.

### COUNT II
### Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)
### Denial of Access to Year of Birth Information

56.    Mr. Lyman realleges the preceding paragraphs as if fully stated herein.

57.     The Statewide Voter Registration List is a record covered by the Public Disclosure Provision of the NVRA, 52 U.S.C. § 20507(i). The NVRA's Public Disclosure Provision does not restrict which recipients may access specific voter list maintenance records.

58.     Utah law restricts access to certain voter list maintenance records, namely registrant year of birth for public and "private voter registrations," to specific individuals and entities. Utah Code Ann. § 20A-2-104(4)(b) (LexisNexis 2025).

59.     Defendant's refusal to allow Mr. Lyman to inspect and copy, or otherwise purchase and receive the Statewide Voter Registration List, including year of birth, while allowing certain individuals and entities to do so, violates and conflicts with the NVRA, a federal law.

60.     Defendant's violations of the NVRA are causing Mr. Lyman to suffer a concrete informational injury because he does not have records and information to which he is entitled under federal law. *See FEC v. Akins*, 524 U.S. at 21.

61.     By denying Mr. Lyman the ability to access the year of birth information that other entities and individuals receive, Defendant is impairing Mr. Lyman's ability to, *inter alia*, (1) study and analyze Utah's voter list maintenance programs and activities; (2) assess Utah's enforcement of state and federal voter eligibility requirements; (3) assess Utah's compliance with voter list maintenance obligations; (4) assess whether Utah is employing voter list maintenance best practices; and (5) promote compliance with current obligations and best practices.

62.     Utah law and Defendant's NVRA violations are thus frustrating, impeding, and harming the efforts of Mr. Lyman to carry out his planned activities and protect his right to vote.

63.     Any Utah statute, regulation, practice, or policy that conflicts with, overrides, or burdens the NVRA, a federal statute, is preempted and superseded under the Supremacy Clause and the Elections Clause of the Constitution of the United States.

64.     The restrictions on year of birth information found in Utah Code Ann. § 20A-2-104 (LexisNexis 2025) are therefore preempted, invalid, and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1.     Declaring that Defendant is in violation of Section 8(i) of the NVRA for refusing to allow Mr. Lyman to inspect and copy the requested voter registration list, otherwise known as the Statewide Voter Registration List.

2.     Declaring that Section 8(i) of the NVRA preempts and supersedes any requirement or restriction in Utah Code Ann. § 20A-2-104 (LexisNexis 2025), and any other Utah statute, regulation, practice, or policy that prevents Mr. Lyman from inspecting and copying the Statewide Voter Registration List.

3.     Ordering Defendant to produce to Mr. Lyman the full and complete Statewide Voter Registration List, including registrations classified as "private" or improperly classified as "withheld" pursuant to Utah Code Ann. § 20A-2-104(1)(e)(iii) (LexisNexis 2025), or otherwise ordering Defendant to allow Mr. Lyman to inspect and copy the same information.

4.     Permanently enjoining Defendant from denying requests to inspect the Statewide Voter Registration List or similar voter registration lists in the future.

5.     Ordering the Defendant to pay Mr. Lyman's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and,

6.     Granting Mr. Lyman further relief that this Court deems just and proper.

Dated: June 6, 2025.

For the Plaintiff Phil Lyman:

/s/ Goud P. Maragani
Goud P. Maragani #17854
Maragani Law Group
4523 West Park Bend Court
Riverton, UT 84096
(385) 237-7960
goud.p.maragani@proton.me

Kaylan L. Phillips*
Public Interest Legal Foundation, Inc.
107 S. West Street, Suite 700
Alexandria, VA 22314
Tel: (703) 745-5870
kphillips@PublicInterestLegal.org
*Motion for admission pro hac vice forthcoming*

*Attorneys for Plaintiff Phil Lyman*